**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE ZEPEDA, Individually and on Behalf of Others Similarly Situated,** | § | |
| **Plaintiff,** | § | **Civil Action No. 3:24-cv-248** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **ALL MY SONS MOVING & STORAGE OF DALLAS, INC.,** | § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff, Jose Zepeda ("Zepeda"), brings this lawsuit to recover unpaid overtime wages and other damages owed under the Fair Labor Standards Act ("FLSA").

2. Defendant, All My Sons Moving & Storage of Dallas, Inc. ("All My Sons Moving & Storage"), is a moving and storage company incorporated and doing business in the state of Texas. Defendant failed to pay Zepeda, and other manual labor employees like him, overtime as required.

3. Zepeda, and the other manual labor employees like him, typically worked over 40 hours per week, but Defendant did not pay these workers overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead, Defendant paid Zepeda, and other manual labor employees like him, the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek. This "straight time for overtime" pay plan violates the overtime requirements of the FLSA. See 29 U.S.C. § 201 *et seq*.

5. Zepeda brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a significant portion of the facts giving rise to this lawsuit occurred in this District.

8. Zepeda performed work for Defendant in Dallas, Dallas County, Texas, which is in this District and Division.

## PARTIES

9. Zepeda was an hourly manual labor employee of Defendant. Throughout his employment with Defendant, he was paid an hourly rate with no overtime compensation. His written consent is attached as Exhibit A.

10. Zepeda brings this action on behalf of himself and all other similarly situated hourly employees paid straight time for overtime under the collective action provisions of the FLSA (the "Putative Collective Members"). *See* 29 U.S.C. §216(b). The Putative Collective Members were subjected to the same FLSA violations as Zepeda and is properly defined as:

> **All manual labor employees of All My Sons Moving & Storage of Dallas, Inc. who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek, (or, "straight time for overtime") at any point in the past 3 years.**

11. The Putative Collective Members are easily ascertainable from Defendant's business and personnel records.

12. Defendant, All My Sons Moving & Storage of Dallas, Inc., is a Texas corporation. Defendant can be served with process by serving its registered agent, Corporation Service Company dba CSC—Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, or wherever it may be found.

## FLSA COVERAGE

13. At all relevant times, Defendant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) in each of the years 2021, 2022, and 2023.

16. At all relevant times, Zepeda and the Putative Collective Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendant who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326–29 (5th Cir. 1993).

## FACTS

17. Defendant is located at 2400 Old Mill Road, Carrollton, Texas 75007.

18. Defendant provides moving services to residential and commercial customers in and around Dallas, Texas.

19. Defendant employs manual labor employees to provide packing, loading, transporting, and unloading services to its customers.

20. Defendant pays its manual labor employees a fixed hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek (i.e., "straight time for overtime").

21. Zepeda was employed by Defendant from approximately 2010 through approximately June 2023 as a non-exempt, manual labor employee. As a manual laborer, Plaintiff was responsible for providing moving services to Defendant's customers as dictated by Defendant.

22. In exchange for his services, Zepeda was paid an hourly rate and would also receive tips from customers, either in cash or via credit card, which were processed by Defendant. Initially, Zepeda was paid an hourly rate of approximately $10 per hour. He received incremental raises over the dozen-plus years he worked for Defendant, and was being paid $22 per hour when his employment ended. For example, one of Zepeda's paystubs from 2022 shows an hourly rate of $22 per hour:

**JOSE R ZEPEDA** — **Earnings Statement**

ALL MY SONS MOVING & STORAGE (C/O NETCHEX PAYROLL) 13821 DIPLOMAT DRIVE FARMERS BRANCH, T

(BRU)ALL MY SONS MOVING & STORAGE OF DALL/ Dept: Department: 000 / 000 / 200 / Drivers — Federal: M / 0 / $0.00

SSN: ████ Pay Period: 02/28/2022 to 03/06/2022 Paycheck Date: 03/14/2022 Paycheck Number: 0100710819 — State: M / 0 / 0 / $0.00

Rate: Hourly

| Earnings | Pay Rate | Hours | Units | Current Amount | YTD Amount | Employer Amount | Employer YTD Amount |
|---|---|---|---|---|---|---|---|
| Regular | $22.0000 | 54.5000 | | $1,199.00 | $2,332.00 | | |
| Regular | | | | $0.00 | $5,192.25 | | |
| Gross Earnings | | 54.5000 | | $1,199.00 | $7,524.25 | | |
| **Taxes** | | | | | | | |
| Fed Income Tax | | | | $91.59 | $491.84 | | |
| Fed Medicare | | | | $17.39 | $109.11 | | |
| Fed Soc Sec | | | | $74.34 | $466.52 | | |
| **Deductions** | | | | | | | |
| 401K% | | | | $119.90 | $693.21 | $0.00 | $0.00 |
| Net Earnings | | | | $895.78 | $5,763.57 | $0.00 | $0.00 |

23. Zepeda reported the hours he worked to Defendant on a regular basis.

24. The hours Zepeda worked.

25. Zepeda regularly worked more than 40 hours in a week. For example, in the pay period ending March 6, 2022, Zepeda worked 54.50 hours, as shown on the paystub above.

26. Defendant paid Zepeda for those 54.50 hours at the same hourly rate of $22 an hour.

27. Defendant paid Zepeda at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

28. Rather than receiving overtime pay—time-and-one-half his regular rate of pay, which would include all compensation for hours worked, services rendered, or performance, *see* 29 U.S.C. § 207(e)—as required by the FLSA, Zepeda only received "straight time" pay for overtime hours worked.

29. This "straight time for overtime" payment scheme violates the FLSA.

30. Defendant was and is aware of the overtime requirements of the FLSA.

31. Defendant nonetheless failed to pay manual labor hourly workers, such as Zepeda, overtime.

32. Defendant's failure to pay overtime to these manual labor hourly workers was and is a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. The illegal "straight time for overtime" policy maintained by Defendant extends beyond Zepeda.

34. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H- 06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

35. Defendant has paid and pays over 100 hourly manual labor workers using the same unlawful scheme.

36. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION

37. By failing to pay Zepeda and the Putative Collective Members overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

38. Defendant owes Zepeda and the Putative Collective Members the difference between the rate actually paid and the proper overtime rate.

39. Because Defendant knew or showed reckless disregard for whether its pay practices violated the FLSA, it owes these wages for at least the past three years.

40. Defendant is liable to Zepeda and the Putative Collective Members an amount equal to all unpaid overtime wages as liquidated damages.

41. Zepeda and the Putative Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

42. Zepeda prays for relief as follows:

a) An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b) Judgment awarding Zepeda and the Putative Collective Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c) An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d) All such other and further relief to which Zepeda and the Putative Collective Members may show themselves to be justly entitled.

Dated: January 31, 2024.

Respectfully submitted,

**GASPER LAW PLLC**

By: */s/ Travis Gasper*
Travis Gasper
Texas Bar No. 24096881
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
Phone: (469) 663-7736
Email: travis@travisgasper.com
**ATTORNEY FOR PLAINTIFF**